# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | | |
|---|---|---|
| **DOYLE W. MEFFORD,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:09CV00047 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **MICHAEL J. ASTRUE,** | ) | By: James P. Jones |
| **COMMISSIONER OF** | ) | Chief United States District Judge |
| **SOCIAL SECURITY,** | ) | |
| | ) | |
| Defendant. | ) | |

*Lewey K. Lee, Lee & Phipps, P.C., Wise, Virginia, for Plaintiff; Eric P. Kressman, Regional Chief Counsel, Region III, Edward C. Tompsett, Assistant Regional Counsel, and Robert Kosman, Special Assistant United States Attorney, Office of the General Counsel, Social Security Administration, Philadelphia, Pennsylvania, for Defendant.*

In this social security case, I affirm the final decision of the Commissioner of Social Security (the "Commissioner").

I

The plaintiff, Doyle W. Mefford, filed this action challenging the Commissioner's decision to deny his claim for disability insurance benefits ("DIB") under Title II of the Social Security Act ("Act"), 42 U.S.C.A. §§ 401-34 (West 2003 & Supp. 2009). Jurisdiction of this court exists pursuant to 42 U.S.C.A. § 405(g).

Mefford protectively filed for benefits on June 16, 2006, alleging his disability began April 1, 2003. His claim was denied initially and upon reconsideration. An administrative law judge ("ALJ") held a hearing on October 24, 2007, in which Mefford, represented by counsel, and a vocational expert ("VE") testified. The ALJ rejected Mefford's claim on November 16, 2007. The Commissioner's decision became final when the Social Security Administration's Appeals Council denied Mefford's request for review on May 28, 2009. Thereafter, Mefford filed his Complaint with this court, objecting to the Commissioner's final decision.

The parties have filed cross-motions for judgment and have fully briefed the issues. The case is now ripe for decision.

II

Mefford was fifty-one-years old at the time his insured status ended on June 30, 2006, a person closely approaching advanced age under the regulations. *See* 20 C.F.R. § 404.1563(c) (2009). Mefford graduated from high school and attended two years of college. Before the alleged onset of his disability, Mefford worked as a car salesman, an insurance salesman, a heating and air conditioning maintenance worker, and most recently, an auctioneer.

Mefford claims his disability is caused by a combination of impairments including depression, anxiety, knee problems, left arm pain, asthma, high blood pressure, high cholesterol, irritable bowel syndrome, allergies, back problems, stomach ulcers, and a weakened immune system. He provided his medical records to the ALJ to substantiate his claim. After reviewing the evidence, the ALJ found that Mefford suffered from the severe impairments of high cholesterol, high blood pressure, obesity, degenerative joint disease, degenerative disc disease, asthma, knee problems, and limited use of his left arm. The ALJ determined that none of these impairments qualified as any of the agency's listed disabilities, either alone or in combination.

Based on these findings, the ALJ held that Mefford had the residual functional capacity to perform a limited range of light work, which requires only occasional stooping, bending, balancing, kneeling, and crouching, takes place in an environment free of respiratory irritants, involves no more than six hours of sitting, six hours of standing, or six hours of walking per eight-hour day, and does not require overhead lifting with the left arm or climbing. The VE testified that someone with Mefford's residual functional capacity would be able to perform the job duties of an insurance salesman and a car salesman. According to the VE, there are approximately 88,000 such jobs in the Mid-Atlantic region and 881,000 in the national economy. Relying

on this testimony, the ALJ concluded that Mefford was able to perform his previous work as a car and an insurance salesman and was therefore not disabled.

Mefford argues the ALJ's decision is not supported by substantial evidence. For the reasons detailed below, I disagree.

III

The plaintiff bears the burden of proving that he is suffering from a disability. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). The standard for disability is strict. The plaintiff must show that his "physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C.A. § 423(d)(2)(A).

In assessing claims, the Commissioner applies a five-step sequential evaluation process. The Commissioner considers whether the claimant (1) has worked during the alleged period of disability; (2) has a severe impairment; (3) has a condition that meets or equals the severity of a listed impairment; (4) could return to his past relevant work; and (5) if not, whether he could perform other work present in the national economy. *See* 20 C.F.R. § 404.1520(a)(4) (2009). If it is determined at any

point in the five-step analysis that the claimant is not disabled, the inquiry immediately ceases. *See id.*; *Bennett v. Sullivan*, 917 F.2d 157, 159 (4th Cir. 1990). The fourth and fifth steps of the inquiry require an assessment of the claimant's residual functional capacity, which is then compared with the physical and mental demands of the claimant's past relevant work and of other work present in the national economy. *See* 20 C.F.R. § 404.1520 (2009); *see also Reichenbach v. Heckler*, 808 F.2d 309, 311 (4th Cir. 1985). If the claimant can perform work that exists in significant numbers in the national economy, then he does not have a disability. *See* 20 C.F.R. § 404.1566(b) (2009).

This court must uphold the ALJ's findings if substantial evidence supports them and they were reached through application of the correct legal standard. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation and internal quotation marks omitted). This standard "consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). Ultimately, it is the role of the ALJ, not this court, to resolve evidentiary conflicts, including inconsistencies in the evidence. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).

A

Mefford first argues that the ALJ's decision is not supported by substantial evidence because the ALJ failed to find Mefford suffered from severe mental impairments. Mefford underwent a psychological evaluation on August 13, 2007, conducted by licensed clinical psychologist, B. Wayne Lanthorn, Ph.D. Dr. Lanthorn diagnosed Mefford with a chronic pain disorder associated with both psychological factors and general medical conditions, a severe mood disorder with a major depressive-like episode caused by chronic physical problems, and an anxiety disorder with generalized anxiety due to chronic physical problems. Dr. Lanthorn scored Mefford from 50 to 55 on the Global Assessment of Functioning (the "GAF") scale,[1] indicating his symptoms or impairments in social or occupational functioning are moderate bordering on serious. *Id.* Dr. Lanthorn also evaluated Mefford's ability to do work-related mental activities. Except for Mefford's capacity to demonstrate reliability, which he marked as poor, Dr. Lanthorn scored all of Mefford's mental capacities from fair to very good.

---

[1] The 100-point GAF scale "[c]onsider[s] psychological, social, and occupational functioning on a hypothetical continuum of mental health-illness," where 1 constitutes the most severely impaired functioning and 100 is superior functioning. Am. Psychiatric Ass'n, *Diagnostic and Statistical Manual of Mental Disorders: DSM IV* 32 (4th ed. 1994).

The ALJ rejected Dr. Lanthorn's diagnoses and his conclusion that Mefford had a poor ability to demonstrate reliability because Mefford had no history of mental health treatment and had never been diagnosed with a mental impairment by any treating medical expert. I do not need to determine whether substantial evidence supports the ALJ's rejection of Dr. Lanthorn's assessment, however, because the August 2007 assessment is not relevant to this court's analysis. *See Johnson v. Barnhart*, 434 F.3d 650, 655-56 (4th Cir. 2005).

"To qualify for DIB, [the claimant] must prove that [he] became disabled prior to the expiration of [his] insured status." *Id.* (citing 42 U.S.C.A. § 423(a)(1)(A), (c)(1)(B); 20 C.F.R. §§ 404.101(a), .131(a) (2005)). In *Johnson*, the court rejected a doctor's assessment conducted nine months after the claimant's insured status expired, because the claimant made no argument that the disabilities contained in the assessment existed continuously from the last insured date to the date of the report and there was no objective medical evidence to support such an argument. *Id.* at 656.

Similarly here, Mefford's insured status expired on June 30, 2006, almost fourteen months prior to Dr. Lanthorn's examination. And exactly like the claimant in *Johnson*, Mefford does not contend that the mental impairments diagnosed in the assessment have existed continuously since June 2006. Nor does the medical evidence support such an argument. In fact, Mefford told Dr. Lanthorn that it was

only "during the course of the last one to two years, [that] he has had significant problems with depression and anxiety." (*See* R. at 291.) Therefore, Dr. Lanthorn's 2007 assessment is irrelevant to the issue of whether Mefford had a disability before June 30, 2006.

B

Mefford also claims that the ALJ erred by finding that Mefford's injury to his left knee was not the medical equivalent of a major dysfunction of a joint, listed under 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.02(A) (2009). This argument fails too.

A major dysfunction of a joint is

> [c]haracterized by gross anatomical deformity (e.g., subluxation, contracture, bony or fibrous ankylosis, instability) and chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected joint(s), and findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joint(s). With:
>
> A. Involvement of one major peripheral weight-bearing joint (*i.e.*, hip, knee, or ankle), resulting in inability to ambulate effectively.

*Id.* "Inability to ambulate effectively means an extreme limitation of the ability to walk; *i.e.*, an impairment(s) that interferes very seriously with the individual's ability to independently initiate, sustain, or complete activities." *Id.* § 1.00(B)(2)(b)(1). The ALJ determined that Mefford's knee impairment did not meet or equal the criteria of

§ 1.02(A) because the medical evidence showed Mefford was able to ambulate effectively without assistance.

Mefford argues that the ALJ erred in rejecting the opinion of a treating orthopaedic surgeon, Danny Mullins, M.D., who signed a form on October 19, 2007, stating that Mefford's impairment met or equaled the criteria of § 1.02(A). Once again, this court does not need to evaluate whether substantial evidence supports the ALJ's rejection of Dr. Mullins's conclusion which postdated Mefford's insured status by over fifteen months. *See Johnson*, 434 F.3d at 655-56. Dr. Mullins's opinion could not have been based on the status Mefford's knee impairment before June 30, 2006, because, as Mefford admits, Dr. Mullins did not begin treating Mefford for his left knee pain until July 24, 2006. (*See* Pl.'s Mem. Supp. Summ. J. 7.) Furthermore, Mefford reported to medical providers at Community Physicians on May 10, 2006, that he was walking two miles a day, demonstrating that during the relevant time period, Mefford was able to ambulate effectively. Thus, there is no merit to Mefford's contention that the ALJ erroneously rejected Dr. Mullins's findings.

IV

For the foregoing reasons, I find that substantial evidence supports the ALJ's conclusion that Mefford does not have a disability. Accordingly, Mefford's motion

for judgment will be denied, the Commissioner's motion for judgment will be granted, and the final decision of the Commissioner will be affirmed. An appropriate final judgment will be entered.

DATED: May 28, 2010

 /S/ JAMES P. JONES
Chief United States District Judge